2026 IL App (1st) 240677-U

No. 1-24-0677

Order filed August 7, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* ESTATE OF WALTER M. GLASS, an Alleged Person with a Disability | ) ) ) | Appeal from the Circuit Court of Cook County, |
| (Stephen M. Komie, | ) ) | Probate Division. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 2021 P 5463 |
| Irving Nissen as Trustee of The Walter M. Glass Irrevocable Trust, | ) ) ) | Honorable Susan Kennedy-Sullivan, Judge, presiding. |
| Respondent-Appellee). | ) ) | |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's judgment awarding only those attorney fees it deemed to be reasonable is affirmed.

¶ 2     Petitioner Stephen M. Komie of Komie & Associates appeals a circuit court order awarding him $189,450 in attorney fees and $3,249.83 in costs, less than the approximately $350,000 in fees and costs he requested under his retainer agreements with decedent respondent Walter Glass. The trustee of Glass's irrevocable trust substituted for Glass on appeal.

¶ 3      The issues on appeal are (1) whether the circuit court erred by reducing petitioner's rate and hours because the Probate Act only authorizes the circuit court to determine reasonable fees for appointed counsel, not counsel a guardianship respondent retains himself; (2) whether the circuit court erred by not ruling on two of the four counts of the fee petition, violating petitioner's right to a remedy and to due process under the Illinois Constitution; (3) whether the circuit court abused its discretion by not ruling on two counts of the fee petition, failing to articulate its reasons for reducing petitioner's rates, and miscalculating the hours petitioner expended. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5      According to the verified petition for fees, decedent respondent Glass became involved in three actions in the circuit court of Cook County in mid-2021. Each stemmed from a dispute about respondent's competence to manage his assets. First, the mother of respondent's child obtained an emergency order of protection on Glass's behalf against his long-term companion to whom he had recently made a large financial gift. She then filed a petition to declare respondent a disabled person and appoint the pair's daughter as guardian of respondent's estate and person. Finally, the Chicago Trust Company, which was responsible for distributions to Glass from his father's trust, filed a petition for trust construction in the chancery division to determine whether payments should continue based on complaints it had received about his competence.

¶ 6      Glass retained petitioner to represent him in each case. Circuit court orders from the relevant divisions—domestic relations, chancery, and probate—reflect that the emergency order of protection was terminated, the chancery matter dismissed by agreement of the parties, and the probate matter settled.

¶ 7 Petitioner then submitted a four-count verified petition for attorney fees to the probate court. Counts I, II, and III requested fees and costs in the order of protection case, the guardianship proceeding, and the trust construction action respectively, totaling over $350,000. The fourth count requested monies due to expert medical witnesses. Petitioner attached a copy of each retainer agreement followed by the relevant invoices. The circuit court held a lengthy hearing on the petition and made an oral ruling in which it reduced petitioner's hourly rate and total hours worked to arrive at an award of $189,450.00 in fees and $3,249.83 in costs.

¶ 8 When the parties reconvened for a hearing the following month, the transcript reflects that they had not yet agreed on language for an order memorializing the circuit court's prior ruling on fees. Petitioner stated that the circuit court only ruled on Count II regarding the probate matter and had not reached Counts I and III. The circuit court disagreed and ultimately entered a written order that mirrored its oral ruling. The order denying petitioner's motion to reconsider stated that the denial was final and appealable and that there was no just cause for delaying appeal under Illinois Supreme Court Rule 304. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (allowing appeal from a judgment as to fewer than all parties or claims where the circuit court makes a special finding that "there is no just reason for delaying either enforcement or appeal or both"). This timely appeal followed. *Id.*

¶ 9 Petitioner moved in this court to strike respondent's statement of facts as argumentative and lacking accurate citations in violation of Rule 341. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Petitioner is correct that respondent's statement of facts contains argument. But "[t]he striking of an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the alleged violations of procedural rules interfere with or preclude review." (Internal quotation marks

omitted.) *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). Any infirmities in respondent's statement of facts did not hinder this court's review, and the motion to strike respondent's statement of facts is therefore denied.

¶ 10                                    II. ANALYSIS

¶ 11                    A. Circuit Court's Authority to Determine Attorney Fees

¶ 12    Petitioner argues the circuit court erred when it awarded less than his contractual hourly rate because it lacked authority to do so under the Probate Act of 1975 and principles of contract law. 755 ILCS 5/1-1 *et seq.* (West 2022). Respondent contends that the circuit court can only award reasonable fees. The same standard of review applies to construction of a statute or a contract. We review both *de novo* with the goal of fulfilling the intent behind the statute or contract based on its plain language. See *Rainey v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago*, 2025 IL 131305, ¶ 12 (providing the standard of review when interpreting statutes); *Dowling v. Chicago Options Associates, Inc.*, 226 Ill. 2d 277, 285 (2007) (same as to contracts).

¶ 13    The statutory provision petitioner relies on relates to guardianship hearings and provides that, if the circuit court appoints counsel for the respondent, "[t]he [circuit] court may allow counsel for the respondent reasonable compensation." 755 ILCS 5/11a-10(b) (West 2022). That language does not address, let alone restrict, the circuit court's broad discretion to award only those fees that it deems reasonable, even under a contract. See *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 985 (1987) ("[T]he existence of a contractual provision obligating one party to pay attorney fees does not relieve the other of its burden to establish the reasonableness of the amount requested.").

¶ 14    Under the parties' settlement agreement, the trust agreed to pay Glass's legal fees if the fees were approved by Glass or ordered by the circuit court. Since Glass's approval was not forthcoming, petitioner submitted the issue to the circuit court. The circuit court decided the petition not pursuant to its authority under the Probate Act but as a court of general jurisdiction deciding the controversy petitioner put before it. See *Rotante v. Morgano*, 2017 IL App (3d) 150391-U, ¶ 41 (explaining that "circuit courts presiding over probate matters are not courts of limited jurisdiction" and may decide any justiciable matter brought before them). It explicitly did not disregard the retainer agreements. Instead, while it agreed they "[had] some bearing," the circuit court recognized that the fees petitioner generated under the agreements were unreasonable and acted within its discretion to reduce them. At bottom, the statutory provision petitioner cites does not apply to petitioner as retained counsel, and the retainer agreements did not eliminate the circuit court's discretion on fees. Thus, the circuit court did not err by awarding less than what petitioner requested under the retainer agreements.

¶ 15                    B. Failure to Rule on Counts I and III of the Petition

¶ 16    Petitioner argues that the circuit court erred when it did not consider two of the three counts in his petition, violating his right to a remedy and to due process under the Illinois Constitution. Ill. Const. 1970, art. I, §§ 2 ("No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."), 12 ("Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation."). Respondent contends that the circuit court ruled on all counts in the fee petition.

¶ 17   "Generally, the intention of the court is determined only by the order entered, and where the language of such order is clear and unambiguous, it is not subject to construction, nor can it be controlled by any alleged intent or purpose not expressed therein." *Governale v. Northwest Community Hospital*, 147 Ill. App. 3d 590, 593 (1986). Here, following two hearings on the petition and argument from both sides, the circuit court entered an order that stated, in relevant part: "IT IS HEREBY ORDERED *** [t]hat the hearing held, exhibits admitted, proofs closed and argument heard; *** [th]at this order represents a full, complete, and final ruling *on all matters and issues raised by Komie's Verified [Petition]*" (emphasis added) and that "judgment should be entered in the amount of $189,450.00 in fees plus $3,249.83 in favor of Stephen M. Komie against Walter Glass[.]" Whether or not petitioner believes the circuit court gave Counts I and III due consideration, the order establishes that it did rule on them following a full hearing on the petition. Thus, the circuit court did not deprive defendant of his right to due process or to a remedy.

¶ 18                    C. Abuse of Discretion as to the Fee Award

¶ 19   Petitioner argues the circuit court abused its discretion throughout its ruling. Specifically, he contends the circuit court failed to explain why his hourly rate was unreasonable under Illinois Rule of Professional Conduct 1.5 (eff. Jan. 1, 2010), miscalculated the number of hours he and his colleagues worked, and did not exercise any discretion as to Counts I and III. Respondent argues that the evidence supported the circuit court's decision where the standard rate for attorneys in Cook County probate courts is $300 per hour and petitioner's rate was the highest of any counsel in the case. We review the circuit court's award of attorney fees for an abuse of discretion. *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2024 IL App (1st) 221319, ¶ 23. "[A]n abuse of discretion occurs only when the trial court's ruling is arbitrary, fanciful, unreasonable, or

where no reasonable person would take the view adopted by the trial court." *Thomas v. Weatherguard Construction Co.*, 2018 IL App (1st) 171238, ¶ 61.

¶ 20 Even when an attorney contracts for an hourly rate, the resulting fees must always be reasonable. Ill. R. Prof'l Conduct (2010) R. 1.5(a) (eff. Jan. 1, 2010); *Kaiser*, 164 Ill. App. 3d at 985. Multiple factors guide the circuit court's reasonableness analysis, including the nature, novelty and difficulty of the case, the attorney's skill and standing, the degree of responsibility required, the usual charges for comparable work, and the connection between the litigation and the fees charged. *Kaiser*, 164 Ill. App. 3d at 984; see *In re Estate of Bitoy*, 395 Ill. App. 3d 262, 275-76 (2009) (affirming application of *Kaiser* requirements in probate proceedings).

¶ 21 "It is well established that the burden of proof is on the attorney to establish the value of his services and that appropriate fees consist of reasonable charges for reasonable services." *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 25. Along with the records provided by the petitioner, the circuit court "should *** use its own knowledge and experience when making the reasonableness determination." *Richardson v. Haddon*, 375 Ill. App. 3d 312, 314-15 (2007).

¶ 22 The circuit court identified multiple factors that it considered when reducing petitioner's fees. First, petitioner's invoices reflected that he and his associate billed at minimum 0.2 hours for each email they reviewed. This practice extended to the invoices supporting all three counts of the petition. Also before the circuit court was respondent's response to the petition, which parsed the time entries on petitioner's invoices across the three counts into categories of activity and totaled the fees for each category. Relevant here, the category in the response encompassing "reading simple documents," namely emails, court orders, and reports, amounted to over $150,000. A three-and-a-half-month period in the guardianship case, in which petitioner was involved for over a year,

yielded nearly $20,000 in fees for receiving and reviewing emails. The circuit court was entitled to rely on its own knowledge and experience to determine that billing 0.2 hours or more for emails was "extravagant."

¶ 23    Petitioner also staffed an associate on the Glass matters. The circuit court, who oversaw the entirety of the probate matter, "didn't really see a vast benefit to the estate from that associate." Across one invoice section spanning nearly one hundred pages, only scattered entries reflect anything except his receipt and review of emails, many of which petitioner himself billed for receiving and reviewing. The circuit court also highlighted that the associate was tasked with photocopying at a rate of $400 an hour, which it found "not appropriate."

¶ 24    As respondent acknowledged before the circuit court, the foregoing does not suggest that petitioner and his associate did not invest the hours claimed or that their work was unsatisfactory. But in preparing a fee petition, an attorney must exercise billing judgment to exclude from the petition hours that are "excessive, redundant, or otherwise unnecessary." See generally *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The circuit court's remarks indicate it concluded that, taken together, these charges exceeded the usual charges for comparable work.

¶ 25    To reach a reasonable fee, the circuit court also reduced petitioner's hourly rate. Petitioner charged $650 per hour for in-court time and $600 for out-of-court time; his associate charged $450 and $400. According to petitioner's reply in support of his petition and the other fee petitions in the record, private attorneys acting on behalf of the other parties billed between $350 and $575 per hour. Petitioner's rate was the highest of the several attorneys on the probate case. The circuit court reduced petitioner's rate to $450 per hour, just under that of the attorney that represented Glass at the time of the petition, explaining that it had "[done] the numbers" and could not "justify

[petitioner's] hourly rate." On this point, "[g]reat deference is warranted because the award is dependent on the trial court's superior familiarity with the case." *Wilson v. Napleton's Goldcoast Imports, Inc.*, 2025 IL App (3d) 240079, ¶ 88. Moreover, the probate court is uniquely familiar with the fees normally incurred in a proceeding of this type.

¶ 26    To the extent the circuit court did not observe petitioner's work in the domestic relations and chancery matters, petitioner bore the burden to establish that his rates were reasonable. Though he compared his rate generally to others with similar experience during argument, the verified petition only stated that "the aforesaid fees charged by KOMIE AND ASSOCIATES are reasonable considering *** the experience, reputation, and ability of KOMIE AND ASSOCIATES ***." The circuit court is "not bound by the petitioning attorney's opinion of what constituted a reasonable fee." *Estate of Healy*, 137 Ill. App. 3d 406, 411 (1985). The circuit court applied the relevant factors to specified deficiencies in the petition and invoices to arrive at an award of $189,450, and its decision did not exceed the bounds of reason. *Kane*, 2016 IL App (2d) 150774, ¶ 44.

¶ 27    Petitioner argues that the circuit court used the wrong hourly rate in determining the number of hours worked, and that, as a result, its award lacked any evidentiary basis. As part of its fee calculation, the circuit court divided the balance listed in the probate count minus costs ($274,086.96) by petitioner's highest rate ($650 for in-court appearances) to determine the amount of compensable hours. Petitioner contends that using the highest of petitioner's rates was a mistake on the part of the circuit court. But petitioner and his colleagues' various rates and the number of hours for which he sought fees were clear on the face of the petition, and the circuit court was equally clear that it had examined the petition in detail and was aware of its contents. It also

explained that while respondent "went for substantive errors," the circuit court preferred to proceed "more globally." After reaching the final figure that appears in the order, the circuit court remarked that the award "evens it all out. It evens out the emails. It even[s] out[ ] the associate. It evens out the hourly rate, and that's where I think we make that adjustment." By using the highest hourly rate, the circuit court collectively reduced the hours in the petition to account for the deficiencies in the invoices. The circuit court's reliance on the rate does not render its award an abuse of discretion.

¶ 28　Finally, this court granted petitioner leave to cite additional authority, specifically *Miller v. Lake Car Sales, Inc.*, 2026 IL App (2d) 250116. In *Miller*, the plaintiff prevailed in an action under a federal statute that provided for recovery of attorney fees. *Id.* ¶ 8. The circuit court did not allow petitioner's counsel to file a petition at all before it ruled on attorney fees. *Id.* ¶ 5. Explaining that an abuse of discretion occurs "when a material factor deserving significant weight is ignored," the appellate court held that the circuit court abused its discretion by awarding fees without knowing how many hours plaintiff's attorney worked. (Internal quotation marks omitted.) *Id.* ¶¶ 9, 11-12. The circuit court here had ample evidence of petitioner's hours, and *Miller* therefore does not apply.

¶ 29　　　　　　　　　　　　III. CONCLUSION

¶ 30　The judgment of the circuit court of Cook County is affirmed.

¶ 31　Affirmed.